**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**PAUL ELLISON,**

                                                            **Case No.:**

     **Plaintiff,**

**vs.**

**AMPRO, INC.**

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff PAUL ELLISON ("Plaintiff" or "Ellison"), by and through his undersigned attorneys, sues the Defendant, AMPRO, INC. ("Defendant" or "Ampro") and alleges as follows.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2.      Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

1

**PARTIES**

3.      Plaintiff is a resident of Hillsborough County, Florida.

4.      Defendant is a Florida corporation, licensed and authorized and doing business in Tampa, Hillsborough County, Florida.

5.      Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

**ADMINISTRATIVE PREREQUISITES**

6.      All conditions precedent to bringing this action have occurred.

7.      Plaintiff filed a timely Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

8.      More than 180 days have passed since the filing of the Charge of Discrimination.

9.      Plaintiff intends to amend this complaint to add claims under the "ADAAA" once a Right to Sue is received.

**GENERAL ALLEGATIONS**

10.     At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

11.     At all times material, Plaintiff was qualified to perform his job duties

within the legitimate expectations of his employer.

12.    Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

13.    Plaintiff requests a jury trial for all issues so triable.

## FACTS

14.    Plaintiff began his employment on January 7, 2019, as an In Field Supervisor. On or about November 2020, Plaintiff was promoted to the position of Project Manager.

15.    Plaintiff is a qualified individual with a disability, known to the employer (cancer/diabetes).  Plaintiff's health condition required periodic absences for appointments with his medical professionals.

16.    During his employment Plaintiff had an unblemished personnel file.

17.    On January 2, 2022, Plaintiff was admitted to the hospital.  Plaintiff remained in the hospital until January 7, 2022, and returned to work on January 10, 2022.

18.    On January 30, 2022, Plaintiff was again admitted to the hospital for a serious health condition.  Following the hospitalization and period of rehabilitation Plaintiff returned to work on February 16, 2022.

19.     Plaintiff was called into an office with the operations manager and general manager and without any prior warning that his job was in peril was terminated.  The operations manager stated, "I need someone here consistently".

20.     After his termination, Plaintiff contacted the owner who reiterated "I'm not unhappy with you as a project manager or on a personal level but I can't let clients slip and the techs need consistent guidance".

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

21.     Plaintiff realleges and adopts the allegations in paragraphs 1 through 20 as if set out in full hereafter.

22.     Defendant's actions interfered with Plaintiff's lawful exercise of his FMLA rights.

23.     Defendant's actions constitute violations of the FMLA.

24.     As a result of Defendant's unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for the following damages:

        a.     Back pay and benefits;

        b.     Interest;

        c.     Liquidated damages;

      d.      Attorney's fees and costs;

      e.      Equitable relief;

      f.      Such other relief as is permitted by law.

## COUNT II
## (FMLA DISCRIMINATION/RETALIATION)

25.      Plaintiff realleges and adopts the allegations in paragraphs 1 through 20 as if set out in full hereafter.

26.      Defendant retaliated against Plaintiff for asserting his FMLA rights.

27.      Defendant's actions constitute violations of the FMLA.

28.      As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for the following damages:

      a.      Back pay and benefits;

      b.      Interest;

      c.      Liquidated damages;

      d.      Attorney's fees and costs;

      e.      Equitable relief;

      f.      Such other relief as is permitted by law.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – DISABILITY DISCRIMINATION

29.    Plaintiff realleges and adopts the allegations in paragraphs 1 through 20 as if set out in full hereafter.

30.    As described above, Plaintiff has a disability, and/or the Defendant perceived him to have a disability as defined by Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes.*

31.    By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of his disability and/or perceived disability.

32.    As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

        a.      Back pay and benefits;

        b.      Interest on back pay and benefits;

        c.      Front pay and benefits;

        d.      Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

        e.      Punitive Damages

        f.      Pecuniary and non-pecuniary losses;

6

g.   Attorney's fees and costs; and

h.   For any other relief this Court deems just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – FAILURE TO ACCOMMODATE

33.   Plaintiff realleges and adopts the allegations in paragraphs 1 through 20 as if set out in full hereafter.

34.   As described above, Plaintiff has a disability, and/or the Defendant perceived him to have a disability as defined by Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes.*

35.   By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of his disability and/or perceived disability. Further, Plaintiff was denied a reasonable accommodation in violation of the Act and Defendant failed to engage in the interaction process.

36.   As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages, including damages for mental

anguish, loss of dignity, and other intangible injuries;

e.     Punitive Damages

f.     Pecuniary and non-pecuniary losses;

g.     Attorney's fees and costs; and

h.     For any other relief this Court deems just and equitable.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 17th  day of January 2023.

FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin
Wolfgang M. Florin
Florida Bar No.907804
wflorin@fgbolaw.com
Christopher D. Gray
Florida Bar No. 0902004
cgray@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942
Attorneys for Plaintiff